UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                    Case No. 20-cr-20370
                                    Hon. Matthew F. Leitman

JUSTIN D. MYERS,

    Defendant.
_____/

### ORDER DENYING DEFENDANT'S EMERGENCY MOTION TO REDUCE SENTENCE (ECF No. 26)

On February 8, 2023, Defendant Justin D. Myers filed a pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (*See* Mot., ECF No. 26.) For the reasons explained below, Myers' motion is **DENIED**.

**I**

In 2020, Myers pleaded guilty to one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), and one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a). (*See* Rule 11 Plea Agmt., ECF No. 17.)  The Court sentenced Myers to a total term of 64 months in federal prison for the two offenses. (*See* Judgment, ECF No. 24, PageID.155.)  Myers has now served roughly half of his 64-month sentence, and he has moved the Court to reduce his sentence pursuant to 18

U.S.C. § 3582(c)(1)(A). (*See* Mot., ECF No. 26.) In his motion for compassionate release, Myers urges the Court to reduce his sentence so that he can care for his mother, who is terminally ill and is expected to pass away within six months. (*See id.*, PageID.189.) He argues that his mother's health condition presents an "extraordinary and compelling reason" for his early release. (*Id.*)

The Government filed a response opposing Myers' motion on March 6, 2023. (*See* Resp., ECF No. 28.) The Government argues that, "while commendable, a desire to care for an ailing parent does not qualify as an extraordinary and compelling reason for release." (*Id.*, PageID.210.) And the Government further contends that "the danger that Myers presents to the community and all other considerations under 18 U.S.C. § 3553(a) warrant against release." (*Id.*, PageID.206.)

## II

As a general rule, "a federal court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)). "But that rule comes with a few exceptions, one of which permits compassionate release." *Id.* Section 3582(c)(1)(A) describes when a court may grant compassionate release:

> [T]he court ... may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are

2

> applicable, if it finds that ... extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The United States Court of Appeals for the Sixth Circuit has explained that the following framework governs motions for compassionate release filed by inmates:

> Federal law authorizes a district court to reduce a defendant's sentence if the court finds that (1) "extraordinary and compelling reasons" warrant a reduction, (2) a reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the § 3553(a) factors, to the extent applicable, support a reduction. *Ruffin*, 978 F.3d at 1003 (quoting § 3582(c)(1)(A)). Currently, no policy statement applies where a defendant (as opposed to the Bureau of Prisons) files a motion seeking a sentence reduction (sometimes known in our case law as "compassionate release"). *United States v. Sherwood*, 986 F.3d 951, 953 (6th Cir. 2021). A district court, therefore, must deny a defendant's motion if the defendant fails to show either that extraordinary and compelling reasons warrant a sentence reduction or that the § 3553(a) factors support a reduction. *Id.* at 954; *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021).

*United States v. McKinnie*, 24 F.4th 583, 586 (6th Cir. 2022). Section 3553(a) "blankets a vast terrain of sentencing factors," including "the nature and circumstances of a defendant's offense, the defendant's history and characteristics, and the need for the sentence to reflect the seriousness of the offense or provide just punishment." *United States v. Eggleston*, 2021 WL 6101397, at *2 (6th Cir. Dec. 21, 2021) (citing *United States v. Jones* 980 F.3d 1098, 1114 (6th Cir. 2020) and 18 U.S.C. § 3553(a)) (internal quotations omitted).

3

## III

The Court proceeds directly to the § 3553(a) factors and denies relief because those factors weigh heavily against Myers' release. *See McKinnie,* 24 F.4th at 586 (explaining that a district court may deny compassionate release if defendant fails to show *either* a lack of extraordinary and compelling circumstances *or* that the § 3553(a) factors weigh in favor of release). The Court carefully considered the § 3553(a) factors when it originally sentenced Meyers, and the Court determined, based on those factors, that the appropriate sentence for Myers' offense was 64 months. The Court's initial assessment of the § 3553(a) factors at sentencing is "presume[d]" to be "an accurate assessment as to whether those factors justify a sentence reduction," *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021), and in order to warrant a reduction, Myers must "make a compelling case as to why [this Court's] § 3553(a) analysis would be different if conducted today." *Id.*

Myers has not made such a case. He says that he has secured a job, but he has not provided any information about the position or the employer. He also reports that he is enrolled in college courses and will continue taking such courses upon release. Taking such courses is certainly commendable, but it is not a factor that substantially changes the Court's § 3553(a) balancing and analysis.

The Court remains convinced that the § 3553(a) factors weigh against early release. Two § 3553(a) factors weigh heavily against early release. First, the serious

nature and circumstances of Myers' offense counsel strongly against compassionate release. As the Government recounts in its Response, Myers "was a five-time felon, illegally possessing numerous firearms, a significant amount of ammunition, and a wide array of narcotics, all while on felony probation." (Resp., ECF No. 28, PageID.213.) Second, the goal of imposing sufficient punishment would not be satisfied by releasing Myers now, as he has only served roughly half of his 64-month sentence. The Court has also carefully considered the other § 3553(a) factors and has determined that none of them overcome the factors weighing heavily against early release.

For all of these reasons, Myers' motion for compassionate release (ECF No. 26) is **DENIED.**

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  March 7, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 7, 2023, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

5